IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| DANIEL W. MARX, | ◊ | |
| Petitioner, | ◊ | |
| vs. | ◊ | No. 05-2926-B/V |
| BRUCE PEARSON, | ◊ | |
| Respondent. | ◊ | |

ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Petitioner Daniel W. Marx, Bureau of Prisons inmate registration number 14961-045, an inmate at the Federal Correctional Institution in Memphis ("FCI-Memphis"), filed a pro se petition pursuant to 28 U.S.C. § 2241 on December 9, 2005. The Court issued an order on December 20, 2005 directing the petitioner, within thirty (30) days, to file an in forma pauperis affidavit or pay the habeas filing fee. Marx paid the habeas filing fee on January 10, 2006.[1]

On January 15, 2002, a federal grand jury sitting in the Western District of Missouri returned an eleven-count indictment

---

[1] The Clerk erroneously failed to record the payment on the docket, and the receipt erroneously characterizes the payment as a partial payment.

against Marx and four codefendants. Marx was charged with one count of conspiracy to manufacture and distribute fifty (50) grams or more of methamphetamine, in violation of 21 U.S.C. § 846, and one count of possessing equipment and chemicals used for manufacturing methamphetamine, in violation of 21 U.S.C. § 843(a)(6). Pursuant to a written plea agreement, Marx entered a guilty plea to the § 846 count on April 11, 2002. At a sentencing hearing on November 25, 2002, Marx was sentenced to two hundred thirty-five (235) months imprisonment, to be followed by a five-year period of supervised release. Judgment was entered on November 26, 2002. Marx filed a notice of appeal, and his appeal was dismissed on motion of the Government. United States v. Marx, No. 03-1224 (6th Cir. June 20, 2003).

Marx filed a motion pursuant to 28 U.S.C. § 2255 in the Western District of Missouri on May 7, 2004 in which he alleged, inter alia, that an upward departure imposed by the sentencing court for perjury was unlawful in light of the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004). District Judge Nanette K. Laughrey issued an order denying the motion on November 16, 2004. Marx's Blakely claim was rejected because that decision had not been made retroactive to cases on collateral review. Marx v. United States, No. 04-433-CV-W-NKL (W.D. Mo.). Judgment was entered on November 16, 2004. Marx did not appeal.

On May 2, 2005, petitioner filed a motion, which was clearly prepared by the same writ writer who drafted the instant petition, entitled, "Petition For Extraordinary Relief To Include, But Not Limited Thereto: Issuance of a Writ of Habeas Corpus; or Issuance of a Writ of Audita Querela; or Issuance of a Writ of Prohibition; or Issuance of a Writ of Mandamus; or for an Order to Vacate, Set Aside, or Correct Judgment; or for Order Enjoining Further Execution of a Judgment that, as a Matter of Law, has Become Void and Has No Further Force or Effect Whatsoever; or for Issuance of Such Writ, Writs, Orders or Decrees, Within the Jurisdiction of the Court to Issue, to Grant Such Further, or Ancillary Relief as the Court Deems Just and Proper," seeking relief from the sentence imposed on the basis of the Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely, and United States v. Booker, 542 U.S. 220 (2005). Judge Laughrey issued an order on June 14, 2005 construing the filing as a second or successive § 2255 motion and dismissing it without prejudice for lack of jurisdiction because Marx had not received authorization from the Eighth Circuit to file such a second or successive motion. Judgment was entered on June 14, 2005. Marx v. United States, No. 05-416-CV-W-NKL (W.D. Mo.). Marx did not appeal.

The inmate has now filed a § 2241 petition in this district, arguing that his criminal judgment is void in light of Booker.

Habeas corpus would be available to the inmate if "the issues raised more accurately challenged the execution of the sentence than its imposition." Wright v. United States Bd. of Parole, 557 F.2d 74, 78 (6th Cir. 1977). "Section 2255 . . . has been conceived to be limited to those claims which arise from the imposition of the sentence as distinguished from claims attacking the execution of the sentence." Id. at 77; cf. United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991) ("Because defendant Jalili is challenging the manner in which the sentence is executed, rather than the validity of the sentence itself, Section 2255 does not apply."). For federal prisoners seeking habeas-type relief, the only remedy is through a motion to vacate pursuant to 28 U.S.C. § 2255. Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam); In re Hanserd, 123 F.3d 922, 933 (6th Cir. 1997).

Federal prisoners may obtain habeas corpus relief pursuant to 28 U.S.C. § 2241 only under limited circumstances. The fifth paragraph of § 2255, known as the "savings clause," provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. The petitioner carries the burden of demonstrating that the savings clause applies. <u>Charles</u>, 180 F.3d at 756.

The Sixth Circuit has construed the savings clause narrowly:

> Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied . . . , or because the petitioner is procedurally barred from pursuing relief under § 2255 . . . , or because the petitioner has been denied permission to file a second or successive motion to vacate.

<u>Charles</u>, 180 F.3d at 756; <u>see also</u> <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir. 1988) ("A remedy is not inadequate or ineffective under section 2255 merely because the sentencing court denied relief on the merits."). Furthermore, the § 2255 remedy is not inadequate or ineffective merely because, as here, the one-year statute of limitations has expired. <u>Charles</u>, 180 F.3d at 758.

Subsequent to the decision in <u>Charles</u>, the Sixth Circuit reemphasized the narrow scope of the savings clause:

> The circumstances under which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. . . . As we explained in <u>Charles</u>, "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255."

United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001) (quoting Charles, 180 F.3d at 758)).[2]

To obtain relief pursuant to 28 U.S.C. § 2241, the habeas petitioner must be "actually innocent" of the crime of which he has been convicted. Martin v. Perez, 319 F.3d 799, 804-05 (6th Cir. 2003); Charles, 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions."); see also Peterman, 249 F.3d at 462 ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence."). "A petitioner must show factual innocence, not mere legal insufficiency, to raise such a claim." Gesuale v. Sanders, 63 Fed. Appx. 875, 876 (6th Cir. May 14, 2003); see also Bousley v. United States, 523 U.S. 614, 623 (1998).

Marx is not entitled to relief pursuant to Booker in this § 2241 petition for several reasons. First, this claim goes to the

---

[2] See also Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (the entire federal criminal procedure statutory scheme, encompassing trial, direct appeal, and one opportunity for collateral review, ensures that "a petitioner will have had 'an unobstructed procedural shot at getting his sentence vacated.' . . . That does not mean that he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.") (quoting In re Davenport, 147 F.3d 605, 609 (7th Cir. 1998)).

imposition of his sentence rather than its execution, making it inappropriate for a § 2241 petition. See supra p. 4.

Second, the Sixth Circuit has held that a claim under Apprendi v. New Jersey, 530 U.S. 466 (2000), a precursor to Booker, cannot be raised in a § 2241 petition. Bannerman v. Snyder, 325 F.3d 722, 723-24 (2003). The Sixth Circuit has explained that "[a] challenge to a sentence based on Apprendi cannot be the basis for an actual innocence claim under Martin [v. Perez]." Id. at 724. Likewise, because Marx has no valid argument that he is actually innocent, he cannot raise his Booker claim in a § 2241 petition.

Third, Marx has not attempted to demonstrate that the § 2255 remedy is inadequate or ineffective as to his Booker claim. In this case, the petitioner raised his Blakely argument in a motion pursuant to 28 U.S.C. § 2255, which was denied. He also filed another petition, which was construed as a second or successive § 2255 motion and denied without prejudice because he had not obtained leave from the Eighth Circuit. As previously noted, see supra p. 5, those facts, standing alone, do not establish that the § 2255 remedy is inadequate or ineffective. Charles, 180 F.3d at 756.[3]

---

[3] The petitioner asserts, in a footnote, that "should the issue of retroactivity arise, the Court should take judicial notice of the fact that, in In re Gary William Holt, No. 05-9233, the issue of retroactivity of Booker is before the Supreme Court. Petitioner here has an interest in that case as he is incorporated therein as a party." Pet. at 6 n.3. There is no case currently pending before the Supreme Court involving Gary William Holt, who, like Marx, is incarcerated at FCI-Memphis. Moreover, even if the Supreme Court were to hold that Booker is retroactively applicable to cases on direct review, a § 2241
(continued...)

Because Marx is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for the respondent to show cause need not issue. The petition is DISMISSED.

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability. Stanford v. Parker, 266 F.3d 342 (6th Cir. 2001); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997). Section 2253 does not apply to habeas petitions by federal prisoners under § 2241. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. Immigration & Naturalization Serv., 106 F.3d 680, 681-82 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Nevertheless, a habeas petitioner seeking to appeal is still obligated to pay the $455 filing fee required by 28 U.S.C. §§ 1913 and 1917.[4] Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915, it is unclear how habeas petitioners establish a right to proceed in forma pauperis and avoid this filing fee.

Although the Sixth Circuit has concluded that the various filing fee payment requirements and good faith certifications of

---

[3] (...continued)
petition would not be the proper vehicle for obtaining relief on the basis of Booker.

[4] Effective April 9, 2006, the appellate filing fee increased from $255 to $455.

8

amended § 1915 do not apply to § 2254 cases, it has not resolved whether those requirements apply to § 2241 cases. Kincade v. Sparkman, 117 F.3d 949, 951-52 (6th Cir. 1997); cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions).

The Tenth Circuit, however, has held that the provisions of the PLRA do not apply to habeas cases of any sort or to § 2255 motions. See McIntosh, 115 F.3d at 810; United States v. Simmonds, 111 F.3d 737, 743 (10th Cir. 1997). An unpublished Sixth Circuit opinion has adopted this approach in affirming a decision from this district. Graham v. United States Parole Comm'n, No. 96-6725, 1997 WL 778515 (6th Cir. Dec. 8, 1997), aff'g Graham v. United States, No. 96-3251-Tu (W.D. Tenn. Dec. 4, 1996). Because the Court finds the reasoning of McIntosh persuasive, and that this conclusion naturally follows from the Sixth Circuit's decision in Kincade, the Court concludes that the PLRA does not apply to § 2241 petitions. Cf. Greene v. Tennessee Dep't of Corrections, 265 F.3d 369 (6th Cir. 2001) (certificate of appealability requirement is applicable to state prisoner bringing § 2241 petition).

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying habeas petitions. Kincade, 117 F.3d at 951. Rather, to appeal in forma pauperis in a habeas case, and

thereby avoid the $455 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal in forma pauperis is DENIED. Accordingly, if petitioner files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion

10

to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

      IT IS SO ORDERED this 19th day of April, 2006.

                                        <u>s/ J. DANIEL BREEN          </u>
                                        UNITED STATES DISTRICT JUDGE